UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRUCE D. KUNSMAN, et al.,

                        Plaintiffs,

DECISION AND ORDER

08-CV-6080L

                  v.

LAWRENCE M. BECKER,
In their capacity as Xerox Corporation Retirement
Income Guarantee Plan Administrators and as
Individuals, et al.,

                        Defendants.
_____

This is one of several cases in this Court, involving claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, against the Xerox Corporation ("Xerox"), the Xerox Retirement Income Guarantee Plan ("Plan"), and individually- named retirement plan administrators (collectively, the "plan administrator"). The claims in these cases relate to the calculation and payment of retirement benefits for Plan participants who left Xerox's employ at some point, took a lump-sum distribution of accrued pension benefits, and later returned to Xerox for a second period of employment. The basic dispute in all these cases involves defendants' treatment of the prior distributions when calculating plaintiffs' subsequent pension benefits, following their second period of employment.

On January 5, 2016, the Court issued a Decision and Order in *Frommert v. Conkright*, 00-CV-6311, which, as the Court there stated, "might fairly be described as the 'lead case,'" inasmuch as it has been the subject of several decisions of this Court, of the Court of Appeals, and of the United States Supreme Court. __ F.Supp.3d __, 2015 WL 64678, at *1. For purposes of this Order, familiarity with that decision, and with the other relevant decisions in the instant case and in *Frommert*, is assumed.

- 2 -

Two motions are currently pending before the Court in this case, *Kunsman v. Conkright*.: a motion for leave to file an amended complaint (Dkt. #64) and a motion for class certification (Dkt. #66). Both motions were filed by plaintiff Joseph McNeil, Jr. Defendants have filed papers in opposition to the motions, and certain "non-moving plaintiffs" have also filed a "statement," essentially supporting McNeil's motions. (Dkt. #73).

Both motions also relate to the same underlying issue: the extent to which this Court's (and the appellate courts') rulings in *Frommert* should apply to the plaintiffs in *Kunsman*, and to other similarly-situated past and present Xerox employees and Plan participants.

While it does not directly speak to that issue, the Court's January 5 Decision and Order in *Frommert* is of obvious relevance to plaintiff McNeil's motions in this case. Presumably, the parties would like a chance to weigh in on how this Court's most recent *Frommert* decision affects, or should affect its decision on McNeil's motions, and the Court likewise believes that it would benefit from the parties' input as to that question. I therefore direct the parties to file additional briefs, as set forth in the following Conclusion.

## CONCLUSION

Counsel for both sides are hereby directed to file, no later than **February 5, 2016**, additional memoranda of law, concerning the effect that this Court's January 5, 2016 Decision and Order in *Frommert v. Conkright*, 00-CV-6311, should have on this case, and in particular with regard to the Court's decision on plaintiff Joseph McNeil's motions for leave to file an amended complaint (Dkt. #64) and for class certification (Dkt. #66).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 11, 2016.